## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CR-20077 |
| ) | |
| **TERRANCE O. ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

This case is before the court for ruling on Defendant's Motion for Bill of Particulars (#8). For the reasons that follow, Defendant's Motion (#8) is DENIED.

### BACKGROUND

On December 7, 2006, Defendant, Terrance O. Robinson, was charged by Indictment (#1) with seven counts of bank fraud, in violation of 18 U.S.C. §§ 2 and 1344(1) & (2). The Indictment set out the basic facts of Defendant's alleged scheme to defraud through the use of counterfeit checks and specifically listed the date of each transaction, the amount of the check, the check number and the name of the account purportedly drawn on. On February 8, 2007, Defendant was arraigned before Magistrate Judge David G. Bernthal and counsel was appointed to represent him. On February 15, 2007, Defendant, through appointed counsel, filed a Motion for Bill of Particulars (#8). Defendant stated that he sought an Order requiring the Government to provide the following information: (1) the specific transaction in question; (2) the name of any representative of the bank who handled the transaction; (3) the "form" of the "scheme" whether check, credit card, or other document; and (4) the specific amount of money obtained in each transaction. On February 26, 2007, the Government filed its Response to Defendant's Motion for Bill of Particulars (#9). The

Government noted that most of the information requested is actually included in the Indictment. The Government further stated that, to the extent Defendant is attempting to obtain a list of the Government's witnesses, the Government is not required to provide the names of its potential witnesses to a defendant before trial. The Government also stated that it has provided Defendant with 186 pages of discovery and does intend to provide a list of its witnesses at the final pretrial conference in this case. The Government argued that no bill of particulars is necessary in this case. This court agrees.

## ANALYSIS

Federal Rule of Criminal Procedure 7(f) provides that the court may direct the Government to file a "bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is "a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). "The choice to grant or deny such a motion is committed to the discretion of the trial court, and a decision denying a bill of particulars will be reversed only if it can be shown that the trial court abused its discretion in doing so." Fassnacht, 332 F.3d at 446. To determine the necessity of a bill of particulars, a court looks at whether the Government's indictment "sufficiently apprises the defendant of the charges to enable to prepare for trial." Canino, 949 F.2d at 949; see also Fassnacht, 332 F.3d at 446-47. In the context of the necessity of a bill of particulars, the Seventh Circuit has stated that a defendant is "only entitled to know the offense with which he is charged, not all the details of how it will be proved." United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997), vacated on other grounds, 526 U.S. 813 (1999). Further, "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses." See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974). In

addition, a bill of particulars is not required when the information a defendant needs to prepare his defense is available through "some other satisfactory form," such as discovery. <u>United States v. Hernandez</u>, 330 F.3d 964, 975 (7th Cir. 2003), <u>quoting</u> <u>Canino</u>, 949 F.2d at 949.

This court concludes that the Indictment filed in this case is clearly adequate to apprise Defendant of the charges against him so that he can prepare for trial. Moreover, the Government has stated that it has provided discovery to Defendant. Accordingly, this court agrees with the Government that Defendant's Motion for Bill of Particulars (#8) must be DENIED.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Bill of Particulars (#8) is DENIED.

ENTERED this 27th day of February, 2007

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE